UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In re<br><br>**AVTONOM MARTUSHEV** and<br>**TATANIA MARTUSHEV**,<br><br>Debtors. | Case No. **09-60507-7** |
| **DARCY M. CRUM**,<br><br>Plaintiff.<br><br>-vs-<br><br>**GREEK ORTHODOX CHURCH OF CORVALLIS, AVTONOM MARTUSHEV, TATANIA MARTUSHEV**, JOHN DOE #1-20, and JANE DOE #1-20,<br><br>Defendants. | Adv No. **10-00033** |

# MEMORANDUM OF DECISION

At Butte in said District this 17th day of December, 2010.

In this adversary proceeding brought by the Plaintiff/Trustee Darcy M. Crum to avoid and recover an alleged fraudulent transfer of real property[1] by the Debtors to the Defendant Greek Orthodox Church of Corvallis (hereinafter "the Church") under 11 U.S.C. § 548(a), and to cancel

---

[1] The property which is the subject of this adversary proceeding is described on Plaintiff's Amended Complaint as "Lot 13, Block 8, Corvallis, Ravalli County, Montana, according to the recorded plat thereof, together with portions of alley vacated in Commissioner's Journal Book 3, page 173, and that part of street vacated in Commissioner's Book 3, page 139, which portions attach by operation of law." Defendants' amended answer at paragraph 3 admits the property description, and the property is hereinafter otherwise referred to as the "subject property."

the quit claim deed to the Church and quiet title and determine that Debtors retained the interest in the subject property and that it is now vested property of the estate, the Plaintiff has filed a Motion for Summary Judgment (Docket No. 15) ("Motion"), including a Statement of Uncontroverted Facts.  Defendants answered admitting that the transfer took place, but deny liability and object to Plaintiff's Motion.  Both sides have filed briefs, which have been reviewed by the Court together with the record and applicable law.  This matter is ready for decision.  For the reasons set forth below the Court will grant Plaintiff's Motion and enter Judgment for the Plaintiff avoiding the transfer under § 548(a) and quieting title to the subject property in the name of the Plaintiff as Trustee of the estate in Case No. 09-60507-7.

The parties admit that this Court has jurisdiction of this adversary proceeding under 28 U.S.C. § 1334 and 157.  This proceeding is a core proceeding to determine, avoid, or recover a fraudulent transfer under 28 U.S.C. § 157(b)(2)(H) and § 548(a)(1)(B).  This Memorandum of Decision includes the Court's findings of fact and conclusions of law with respect to the Plaintiff's Motion, as provided under F.R.B.P. 7052.

## FACTS

The Debtors filed a voluntary Chapter 7 petition on April 1, 2009, and filed their Schedules and Statement of Financial Affairs ("SOFA") on April 20, 2009.  The Plaintiff was added to the case as Trustee on April 16, 2009.

Debtors' Summary of Schedules lists total assets in the sum of $1,111,690.00, including real property valued at $1,055,000, and total liabilities of $1,910,283.96.  Schedule A does not list the real property which is the subject of this adversary proceeding.  Schedule B does not list any personal property interest in the Church or subject property.  Item 35 of Schedule B ("Other

personal property of any kind not already listed") has a "X" under the column marked "None." Schedule J states that the Debtor Avtonom Martushev's ("Tom") occupation as self-employed in residential remodel and construction, and Tatania Martushev's occupation is real estate broker. They list no income from the Church either on Schedule I or on their SOFA at paragraph 1 or 2.

Debtors' transfer to the Church of the subject property is listed on Debtors' SOFA at paragraph 7 ("Gifts") with the relationship to Debtors described as "Avtonom is the pastor" and the value of the gift estimated at $30,000. Paragraph 14 of the SOFA ("Property held for another person") has the box "None" blackened in.

The Plaintiff commenced this adversary proceeding by filing a complaint on March 31, 2010. Plaintiff was granted leave to file an amended complaint (Dkt. 11) by Order entered August 20, 2010. The amended complaint sets forth three claims for relief under § 548(a) and to quiet title to and recover the subject property as property of the estate. The prayer for relief requests an order avoiding the transfer or its reasonable value of $30,000.00, to cancel the quit claim deed and declare that the transfer was ineffective and the subject property remains property of the estate. Defendants' answer admitted that they are the grantors on the quit claim deed of the subject property to the Church on March 20, 2009, and that the value of the property was $30,000. Plaintiff filed her Motion for Summary Judgment, combined with a separate Statement of Uncontroverted Facts and brief.

Plaintiff's Motion contains the following Statement of Uncontroverted Facts contains the following alleged facts as pages 2-4:

    1. Debtors filed the petition in their bankruptcy case on April 1, 2009. Main Docket #1.

2. Plaintiff Darcy M. Crum is the duly qualified and acting Trustee in this case. Main Docket #8; Discovery Response, Admission #1 (attached hereto as Exhibit 1).

3. Plaintiff filed the Complaint in this adversary proceeding on March 31, 2010. Main Docket #50.

4. Pursuant to court order, Plaintiff was deemed to have filed her Amended Complaint in this case on August 20, 2010. AP 10-00033 Docket #12.

5. Defendants Greek Orthodox Church of Corvallis, Avtonom Martushev, and Tatiana[2] Martushev filed their Amended Answer on September 3, 2010. AP 10-00033 Docket # 14.

6. Defendant Greek Orthodox Church of Corvallis is and has been an unincorporated association within the State of Montana. Amended Complaint,¶ 3, 13; Amended Answer ¶ 1, 9; Discovery Response, Admission #1, 5 (Ex. 1).

7. Defendant Avtonom Martushev is and has been pastor of Defendant Greek Orthodox Church of Corvallis. Amended Complaint,¶ 3; Amended Answer ¶ 1; Discovery Response, Admission #1 (Ex. 1).

8. Defendants Avtonom Martushev and Tatiana [sic] Martushev are the Debtors in this case and the Grantors on a Quitclaim Deed attached to the Complaint as Exhibit 1. Amended Complaint, ¶ 4; Discovery Response, Admission #1 (Ex. 1).

9. On March 20, 2009, 12 days before the filing of the petition in this case, Debtors[3] attempted to transfer to Greek Orthodox Church of Corvallis by Quit Claim Deed (Ex. 1) property described as "Lot 13, Block 8, Corvallis, Ravalli County, Montana, according to the recorded plat thereof, together with portions of alley vacated in Commissioner's Journal Book 3, page 173, and that part of street vacated in Commissioner's Journal Book 3, page 139, which portions attach by operation of law." Amended Complaint, ¶ 12; Amended Answer, ¶ 8. *See*, Discovery Response, Admission #8 (Ex. 1)[.]

10. In their bankruptcy papers, Debtors disclosed a "gift" of Lot 13, Block 8, Corvallis, Montana" to "Greek Orthodox Church of Corvallis" of which "[Debtor] Avtonom [Martushev] is the pastor." Main Docket #14, Statement of Financial Affairs, ¶ 7 (Gifts), p. 30.

---

[2]Debtor's name on the petition is "Tatania" Martushev.

[3]Debtor's name is misspelled on the quit claim deed as "Tatiana."

11. "Debtors' good faith estimate of the value of the property as of the date of filing was $30,000." Discovery Responses, Request for Admission #3, Response; Main Docket # 14, Statement of Financial Affairs, ¶ 7 (Gifts), p. 30; Amended Complaint, second ¶ 5; Amended Answer, ¶ 4.

12. "Debtors admit that they received no monetary consideration for the transfer." Discovery Responses, Request for Admission #2, Response.

13. Debtors scheduled the value of their secured assets at $1,055,000.00 and of personal property at $56,960.00. Main Docket, #14, Summary of Schedules, p.1.

14. Debtors claimed exemptions for assets totaling $178,494 Main Docket #14, Schedule C, p. 10.

15. Debtors list secured debts of $1,192,972.00. Main Docket, # 14, Summary of Schedules, p. 1.

16. Debtors listed unsecured debts of $717,311.96. Main Docket # 14, Summary of Schedules, pp. 1.

Attached to Plaintiff's Motion (Dkt. 15) are Defendants' discovery responses signed by their attorney Murphy, but not signed by the Debtors personally or other Defendants. Defendants admit the transfer of the subject property to the Church on March 20, 2009, and produced the quitclaim deed in response to the request for production. Defendants' response to Request for Admission 1 states in pertinent part: "Debtors admit that they received no monetary consideration for the transfer of the property and that they were insolvent at the time of transfer." Defendants further "admit that their good faith estimate of the value of the property was $30,000" which they repeat in their response to Request for Admission No. 3. In their response to Request for Admission 2 Defendants state: "Debtors admit that they received no monetary consideration for the transfer." Defendants denied Requests for Admissions asking them to admit that the transfer was fraudulent and that the property remained property of the Debtors and estate.

Defendants filed a Statement of Genuine Issues of Material Fact (Dkt. 20) setting forth the following:

> I. The debtors held the property subject to this proceeding prior to the transfer as trustees for the benefit of the Greek Orthodox Church of Corvallis, and after the transfer the property was either owned by the Greek Orthodox Church of Corvallis or held by Avtonom as a trustee or by the members of the church.
>
> 1. Avtonom Martushev is the pastor of the Greek Orthodox Church of Corvallis. Plaintiff's uncontroverted fact no. 7.
>
> 2. The members of the church have paid for it and have maintained it and the ground on which it sits. Answer to Interrogatory no. 1.
>
> II. Plaintiff has produced no evidence on insolvency and is asking the Court to speculate as to property values.
>
> 1. The schedules, which were filed on April 20, 2009, indicate asset value of $1,111,690.00 and debts totaling $1,910,283.96.
>
> 2. Schedule A reflects that most of the Debtors' asset value is in real estate, $1,055,000.00, all of which is located in Ravalli County, Montana.
>
> 3. Plaintiff has offered no evidence of the value of the real estate at the time of any of the transfers complained of.

Defendants did not attach any sworn affidavits or any other documents to their Statement of Genuine Issues.

## SUMMARY JUDGMENT

Summary judgment is governed by F.R.B.P. 7056. Rule 7056, incorporating FED.R.CIV.P. 56(c), states that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." "The proponent of a summary judgment motion bears a heavy burden to show that there are no

disputed facts warranting disposition of the case on the law without trial." *Younie v. Gonya (In re Younie)*, 211 B.R. 367, 373 (9th Cir. BAP 1997) (quoting *Grzybowski v. Aquaslide "N' Dive Corp. (In re Aquaslide "N" Dive Corp.)*, 85 B.R. 545, 547 (9th Cir. BAP 1987)). The manner in which this burden is proven depends on which party has the burden on a particular claim or defense at the time of trial.

> If the *moving* party will bear the burden of persuasion at trial, that party must support its motion with credible evidence–using any of the materials specified in Rule 56(c)–that would entitle it to a directed verdict if not controverted at trial. Such an affirmative showing shifts the burden of production to the party opposing the motion and requires that party either to produce evidentiary materials that demonstrate the existence of a "genuine issue" for trial or to submit an affidavit requesting additional time for discovery. If the burden of persuasion at trial would be on the *non-moving* party, the party moving for summary judgment may satisfy Rule 56's burden of production in either of two ways. First, the moving party may submit affirmative evidence that negates an essential element of the nonmoving party's claim. Second, the moving party may demonstrate to the Court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 330-34, 106 S.Ct. 2548, 2557, 91 L.Ed.2d 265 (1986) (Brennan dissent) (citations omitted). *See also Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1102-06 (9th Cir. 2000) (discussing burdens for withstanding summary judgment).

When seeking summary judgment, the moving party must initially identify those portions of the record before the Court which it believes establish an absence of material fact. *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n.*, 809 F.2d 626, 630 (9th Cir. 1987). If the moving party adequately carries its burden, the party opposing summary judgment must then "set forth specific facts showing that there is a genuine issue for trial." *Kaiser Cement Corp. v. Fischback & Moore, Inc.*, 793 F.2d 1100, 1103-04 (9th Cir. 1986), *cert. denied*, 469 U.S. 949 (1986); FED.

R. CIV. P. 56(e). *See also Frederick S. Wyle Prof'l. Corp. v. Texaco, Inc.*, 764 F.2d 604, 608 (9th Cir. 1985) ("the opponent must affirmatively show that a material issue of fact remains in dispute"). That is, the opponent cannot assert the "mere existence of some alleged factual dispute between the parties." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Moreover, "[a] party opposing summary judgment may not simply question the credibility of the movant to foreclose summary judgment." *Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 997 (9th Cir. 2001).

To demonstrate that a genuine factual issue exists, the objector must produce affidavits which are based on personal knowledge and the facts set forth therein must be admissible into evidence. *Aquaslide*, 85 B.R. at 547. All reasonable doubt as to the existence of genuine issues of material fact must be resolved against the moving party. *Liberty Lobby,* 477 U.S. at 247-48, 106 S.Ct. at 2509. However, "[d]isputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." *T.W. Elec. Serv.*, 809 F.2d at 630 (citing *Liberty Lobby*, 477 U.S. at 248, 106 S.Ct. at 2510). "A 'material' fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit. The materiality of a fact is thus determined by the substantive law governing the claim or defense." *Id*.

If a rational trier of fact might resolve disputes raised during summary judgment proceedings in favor of the nonmoving party, summary judgment must be denied. *T.W. Elec. Serv.*, 809 F.2d at 630; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 202 (1986). Thus, the Court's ultimate inquiry is to determine whether the "specific facts" set forth by the nonmoving party, viewed along with the undisputed background or contextual facts, are such that a rational or reasonable jury might return a verdict

in its favor based on that evidence. *T.W. Elec. Serv.*, 809 F.2d at 631. In the absence of any disputed material facts, the inquiry shifts to whether the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 323, 106 S.Ct. at 2552-53.

The Court notes that Plaintiff's Motion is accompanied by references to pleadings and discovery responses. Defendants also refer to their discovery responses, but did not attach any affidavits to their objection or Statement of Genuine Issues, and did not request additional time for discovery. Assertions in the Debtors' Schedules and SOFA made under penalty of perjury may be considered by the Court as evidentiary admissions under Fed.R.Evid. 801(d). *In re Jordan*, 392 B.R. 428, 444 n.32 (Bankr. D. Idaho 2008) (citing cases).

## DISCUSSION

The Plaintiff seeks avoidance of and recovery of the subject property transfer as a fraudulent transfer under § 548. A trustee can "avoid any transfer of an interest of the debtor in property . . . if the debtor . . . received less than a reasonably equivalent value in exchange for such transfer . . . and was insolvent on the date that such transfer was made . . . or became insolvent as a result of such transfer ...." § 548(a)(1)(B)(ii)(I); *Decker v. Advantage Fund, Ltd.*, 362 F.3d 593, 596 (9th Cir. 2004).

Plaintiff's brief included in her Motion argues that Defendants' Schedules and discovery responses contain admissions establishing all of the elements of § 548(a), that the Church lacked the capacity to own real property in Montana as an unincorporated association, and that the subject property vested in Debtors' estate and is property of the estate. Defendants argue that there remain genuine issues of material fact. They contend that the Debtors held the subject property in trust for the benefit of the Church and its members before, and after the purported

transfer. They argue that since the members of the Church paid for the church and the land it is located on, Debtors could be subject to suit by the church members and imposition of a constructive trust. None of those contentions, however, are included in Defendants' amended answer (Dkt. 14). In her reply brief the Plaintiff argues that the Defendants' assertion of the existence of a trust is inconsistent with Debtors' sworn statements in their Schedules and SOFA, which list the transfer as a "gift" to the Church, and they have not amended their SOFA. Longstanding case law requires that a debtor must correct sworn schedules and statements filed with the court upon learning of their inaccuracies or incompleteness. *In re Wolcott*, 194 B.R. 477, 486 (Bankr. D. Mont. 1996), quoting *In re Mohring*, 142 B.R. 389, 394 (Bankr. E.D. Cal. 1992), *aff'd mem.*, 153 B.R. 601 (9th Cir. BAP 1993), *aff'd mem.*, 24 F.3d 247 (9th Cir. 1994).

Hon. Terry L. Myers, U.S. Bankruptcy Judge for the District of Idaho, explained a two-step process to determine whether a transfer was for a reasonably equivalent value. *Jordan v. Kroneberger (In re Jordan)*, 392 B.R. 428, 441 (Bankr. D. Idaho 2008). First it must be determined that the debtor received value, which is defined for purposes of § 548 as "property, or the satisfaction or securing a present or antecedent debt of the debtor." *Id.*, quoting *Wyle v. C.H. Rider & Family (In re United Energy Corp.)*, 944 F.2d 589, 595 (9th Cir. 1991). Second the court must determine whether that value was reasonably equivalent to what the debtor gave up, which is largely a factual question to which latitude is given to the trier of fact. *Id.* In order to determine whether a fair economic exchange has occurred the court must analyze all the circumstances surrounding the transfer. *Id., citing* 5 COLLIER ON BANKRUPTCY, ¶ 548.05[1][b] at 548-35 (Alan N. Resnick & Henry J. Sommer eds., rev. 15th ed. 2007). The determination of reasonable equivalence must be made as of the time of the transfer. *Jordan*, 392 B.R. at 441;

*BFP v. Resolution Trust Corp.*, 511 U.S. 531, 546, 114 S.Ct. 1757, 128 L.Ed.2nd 556 (1994).

Whether a debtor received a reasonably equivalent value is analyzed from the point of view of the debtor's creditors, because the aim is to allow avoidance of only those transfers that result in a diminution of a debtor's prepetition assets. *Jordan*, 392 B.R. at 441 *Hopkins v. D.L. Evans Bank (In re Fox Bean Co.)*, 287 B.R. 270, 281 (Bankr. D. Idaho 2002) (citing *Roosevelt v. Ray (In re Roosevelt),* 176 B.R. 200, 206, 208 (9th Cir. BAP 1994)**.** The concept of reasonably equivalent value is fundamentally one of common sense, and a party receives reasonably equivalent value if it gets roughly the value it gave. *Jordan*, 392 B.R. at 441-42.

Reasonable equivalence can include the elimination of claims or litigation. *Id.* at 442, 443, citing *United Energy*, 944 F.2d at 595. Based on the pleadings, Defendants' discovery responses, and the quitclaim deed, the Court finds that the Plaintiff has satisfied her burden of proof for summary judgment, and that there is no genuine issue of material fact on the issue of reasonable equivalence. The discovery responses admit that Debtors "received no monetary consideration for the transfer of the property" which they estimated was worth $30,000. The SOFA listed the transfer as a "gift." Defendant offered no evidence in the form of affidavit or otherwise which gives rise to a genuine issue of material fact as to whether the transfer was in payment of an antecedent debt of the Debtors, which otherwise might constitute reasonably equivalent value under § 548(a)(1)(B)(i). *Jordan*, 392 B.R. at 441-42, citing *United Energy*, 944 F.2d at 595.

Debtors' assertions in their Statement of Genuine Issues that Avtonom was trustee of the Church and that Debtors held the Church in trust for the members before and after the transfer is not supported by any affidavit or evidentiary materials. Debtors did not sign the Statement of

Genuine Issues, so the assertions therein regarding the existence of a trust or liability on a constructive trust are attorney argument, not evidence. *Hurley v. Student Loan Acquisition Auth. of Ariz., et al.*, (*In re Hurley*), 258 B.R. 15, 23 (Bankr. D. Mont. 2001) (An attorney's argument is not evidence); *United States v. Velarde-Gomez*, 224 F.3d 1062, 1073 (9th Cir. 2000); *Exeter Bancorporation v. Kemper Securities Group, Inc.*, 58 F.3d 1306, 1312 n.5 (8th Cir. 1995) (Statements of counsel are not evidence and do not create issues of fact), citing *United States v. Fetlow*, 21 F.3d 243, 248 (8th Cir. 1994), *cert. denied*, 513 U.S. 977, 115 S.Ct. 456, 130 L.Ed.2d 365 (1994).

Debtors' Schedule B lists no interest of the Debtors as trustees of the Church. The SOFA at paragraph 14 ("Property held for another person") is marked "None." Debtors have not amended their Schedules to disclose any trust or status as trustees. Debtors have not produced any written trust document, which should have been produced in response to Request for Production 1 as tending to support any defense. Defendants' answer to Interrogatory No. 1, which required them to "[s]tate every fact related to, bearing on, or tending to support or not support" any statement they did not fully admit, makes no mention of any trust. Finally, the quitclaim deed attached to Dkt. 15 is from the Debtors to the Church. The quit claim deed is signed by the Debtors personally, and does not indicate that it was signed as trustees, and the Grantee is not a trust for the benefit of the Church, but instead to the Church itself.

The Court finds that the moving party has identified those portions of the record that establish an absence of material fact. *T.W. Elec. Serv.,* 809 F.2d at, 630. The Plaintiff having carried her burden, the party opposing summary judgment must then "set forth specific facts showing that there is a genuine issue for trial." *Kaiser Cement Corp. v. Fischback & Moore, Inc.*,

793 F.2d 1100, 1103-04.  Defendants filed no affidavits based on personal knowledge which demonstrate that a genuine factual issue exists.  *Aquaslide*, 85 B.R. at 547.  Defendants' contentions that the members of the church paid for the Church and maintain it, and that the Church is authorized to own property, are not material facts because they do not relate to the substantive law of § 548(a), and "[d]isputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." *T.W. Elec. Serv.*, 809 F.2d at 630 (citing *Liberty Lobby*, 477 U.S. at 248).  The Court concludes that Plaintiff has satisfied her burden of proof for summary judgment that the Debtors did not receive a reasonably equivalent value under § 548(a)(1)(B)(i).

After determining reasonable equivalence, the Plaintiff must show that the Debtors were insolvent on the date the transfer was made or became insolvent as a result of such transfer.  *In re Lewis*, 401 B.R. 431, 437 (Bankr. C.D. Cal. 2009).  Under the applicable "balance sheet" test debtors are insolvent when their liabilities exceed their assets.  *Id.* at 437 n.9 (quoting *Sierra Steel, Inc. v. Totten Tubes, Inc. (In re Sierra Steel, Inc.)*, 96 B.R. 275, 277 (9th Cir. BAP 1989)**.**  Section 101(32) of the Bankruptcy Code defines "insolvent" to mean, with respect to individuals, "financial condition such that the sum of such entity's debts is greater than all of such entity's property, at a fair valuation, exclusive of – (i) property transferred, concealed, or removed with intent to hinder, delay or defraud such entity's creditors; and (ii) property that may be exempted from property of the estate under section 522 of this title ...." *Lewis*, 401 B.R. at 437.

The quitclaim deed and discovery responses establish that the Debtors transferred the subject property to the Church on March 20, 2009.  It is uncontroverted that Debtors filed their Chapter 7 petition on April 1, 2009.  Debtors' Schedules show they were insolvent within 2 weeks after the date of the quitclaim deed.  Finally, in their response to Request for Admission 1

Defendants state: "Debtors admit that . . . they were insolvent at the time of the transfer." Based on this evidence the Court finds that Plaintiff has satisfied her initial burden of showing insolvency that would entitle her to a directed verdict if not controverted at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330-34 . That affirmative showing shifts the burden of production to opposing Defendants and requires them either to produce evidentiary materials that demonstrate the existence of a genuine issue for trial or to submit an affidavit requesting additional time for discovery. *Id.* Defendants produced no evidentiary materials controverting the issue of insolvency established by the Debtors' admissions, and did not request additional discovery. *Id.*

Defendants' Statement of Genuine Issues states that Plaintiff produced no evidence on insolvency and produced no evidence of the value of the real estate at the time of any of the complained transfers. Those assertions are directly contradicted by the Debtors' own statements in responding to Request for Admission No. 1 that they "were insolvent at the time of the transfer." Given that admission, and the list of values of Debtors' assets in their Schedules less than 2 weeks later, the Court finds that Plaintiff has satisfied her burden to show the absence of any genuine issue of material fact on the issue of insolvency. The burden shifted to the Defendants to produce affidavits or evidence which demonstrates the existence of a "genuine issue" for trial. *Celotex Corp. v. Catrett*, 477 at 330-34. Defendants failed to satisfy their burden, and therefore no genuine issue of material fact exists on the issue of Debtors' insolvency on the date of the transfer of the subject property.

Having concluded that the Plaintiff satisfied her burden that no genuine issue of material fact exists, that the Debtors received less than a reasonably equivalent value in exchange for the transfer of the subject property to the Church, and that Debtors were insolvent on the date that

such transfer was made, the Court concludes that the Plaintiff is entitled to summary judgment avoiding the transfer under § 548(a)(1)(B)[4]. *Decker v. Advantage Fund, Ltd.*, 362 F.3d at 596; *Jordan*, 392 B.R. at 441. With that conclusion the transfer may be avoided and the subject property is property of the estate, and the Court need not take up the parties' other contentions as they are not material.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction of this adversary proceeding under 28 U.S.C. § 1334 and 157.

2. This is a core proceeding to determine, avoid, or recover a fraudulent transfer under 28 U.S.C. § 157(b)(2)(H) and § 548(a)(1)(B).

3. Plaintiff satisfied her burden to show an absence of genuine issue of material fact under F.R.B.P. 7056 (applying Fed. R. Civ. P. 56) on the issues of whether Debtors received a reasonably equivalent value in exchange for the transfer, and whether Debtors were insolvent on the date the transfer was made.

4. Plaintiff is entitled to summary judgment as a matter of law under 11 U.S.C. § 548(a)(1)(B) avoiding the transfer of the subject property by Debtors to the Church on March 20, 1999.

**IT IS ORDERED** a separate Order shall be entered in conformity with the above, overruling Defendants' objection and granting Plaintiff's Motion for Summary Judgment; and

---

[4] Neither in their answer (Dkt. 5), nor their objection (Dkt. 14), Statement of Genuine Issues (Dkt. 15), or brief in opposition (Dkt. 16), did Defendants raise, allege, argue, or infer that the exception for charitable contributions to a qualified religious or charitable entity of 11 U.S.C. § 548(a)(2), might apply to defend against or limit Plaintiff's recovery under § 548(a)(1)(B), or to create a genuine issue of material fact to preclude awarding Plaintiff summary judgment.

**IT IS FURTHER ORDERED** a separate Judgment shall be entered against the Defendants and in favor of the Plaintiff Darcy M. Crum, Trustee, providing that the Debtors' transfer of the following property described as, "Lot 13, Block 8, Corvallis, Ravalli County, Montana, according to the recorded plat thereof, together with portions of alley vacated in Commissioner's Journal Book 3, page 173, and that part of street vacated in Commissioner's Book 3, page 139, which portions attach by operation of law" to the Greek Orthodox Church of Corvallis by Quit Claim Deed dated March 20, 2009, and recorded at 3:13 on March 20, 2009, by the Clerk and Recorder of Ravalli County, Montana, is avoided and of no legal force or effect, and ownership of the above-described property is vested in name of the Plaintiff Darcy M. Crum as Trustee of Case No. 09-60507-7, United States Bankruptcy Court, District of Montana.

BY THE COURT

*Ralph B Kirscher*
HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana